Armand J. Jaafari. (SBN: 316607)
ajaafari@grandparklaw.com
**G R A N D  P A R K  L A W  G R O U P**
10880 Wilshire Blvd., Suite 1510
Los Angeles, California 90024
Tel.    (888) 629-4754
Fax.    (310) 900-0805

*Attorneys for Plaintiff*, ALEXANDRIA LAUREN D'ANGELO, individually, and as Administrator of the ESTATE OF RICHARD SOLITRO, J.R.,

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRIA LAUREN D'ANGELO, individually, and as Administrator of the ESTATE OF RICHARD SOLITRO, J.R.,<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES POLICE DEPARTMENT, a governmental entity, CITY OF LOS ANGELES, a governmental entity, OFFICER AMAR PAL, individually, and in his official capacity, and DOES 1-10,<br><br>Defendants. | CASE NO.: CV23-02969-DSF-SK<br><br>**(DKT. NO. 38) ORDER TO SHOW CAUSE; (DKT NO. 39) DECLARATION OF ARMAND J. JAAFARI IN RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Assigned to: Hon. Dale S. Fischer,<br>Magistrate:   Hon. Karen L. Stevenson<br>Courtroom:      7D, 7th Floor<br><br>Hearing:                December 9, 2024<br>Complaint Filed:   April 19, 2023<br>Trial:                     TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff ALEXANDRIA LAUREN D'ANGELO, individually, and as Administrator of the ESTATE OF RICHARD SOLITRO, J.R  ("Plaintiff") by and through her undersigned counsel, hereby gives notice that on December 9, 2024, at 1:30 p.m., or as soon thereafter as the matter

GRAND PARK LAW GROUP
A PROFESSIONAL CORPORATION
10880 WILSHIRE BLVD. STE 1510
BEVERLY HILLS, CA 90212

can be heard in Courtroom 4D of the United States Courthouse located at 350 W. 1st Street, Los Angeles, CA 90012 Plaintiff's Order to Show Cause regarding Plaintiff's counsel's resulting failure to comply by the Honorable Court's standing order will be heard.

This application is based on the pleadings on file herein, Plaintiff's Memorandum of Points and Authorities in Support of Continuance of the Pretrial Conference Dates and Trial, the Declaration of Armand J. Jaafari filed concurrently herewith, the Proposed Order lodged concurrently herewith, and as such matters of which the Court may take judicial notice.

Pursuant to Local Rule LR 7-3, Plaintiff initiated a meet and confer to discuss a continuance of trial dates and the unilateral protective order that grossly limited Plaintiff's ability to obtain discovery ongoing issue since Monday, June 17, 2024, and followed up with Defendants' counsel Rebecca Hunter repeatedly through July, August, and September. Ms. Hunter's first communication for the preceding (3) months arrived on October 11, 2024.

Good cause is found to allow completion of essential discovery regarding withheld evidence, in addition to preventing substantial prejudice to Plaintiffs that would suffer irreparable harm as a result of unforeseeable and unanticipated series of events as extensively detailed in the declaration of Armand J. Jaafari attached herein. Furthermore, it would serve the interests of justice and ensure the full and fair trial on the merits. Plaintiff pleas that this Court allow this matter to proceed as previously efforted to prevent the potential of other similarly situated victims of this unconstitutional decree.

//

//

//

//

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

1    This Application is based on this notice, the attached memorandum of points

2 and authorities, the accompanying declarations, all pleadings and papers on file in

3 this action, and such further evidence and argument as may be presented at any

4 hearing on this matter.

5 DATED:  November 12, 2024                Respectfully submitted,

6                                                          GRAND PAR K LAW GROUP A.P.C.

7

8                                                              /s/ Armand J. Jaafari

Armand J. Jaafari, Esq.
9 Attorney for Plaintiff,
ALEXANDRIA LAUREN
10 D'ANGELO, individually, and as
Administrator of the ESTATE OF
11 RICHARD SOLITRO, J.R.,

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRAND PARK LAW GROUP
A PROFESSIONAL CORPORATION
10880 WILSHIRE BLVD, STE 1510
BEVERLY HILLS, CA 90212

-3-
**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This lawsuit arises by the family of the descendent Richard Solitro who was fatally shot in public display on Sunset Blvd., by law enforcement agents from the City of Los Angeles Police Department after descendent suffered a visible mental psychosis.

Plaintiff's counsel now pleas this court for a continuance of all pre-trial dates pursuant to Federal Rule of Civil Procedure 16(b)(4) and forgiveness for failure to abide by this Court's standing order. Good cause exists for the continuance due to a series of extraordinary and unanticipated circumstances opposing counsel's prolonged lack of communication, service complications impacting case management, and disruptions caused by the unexpected unavailability of office space and personnel. These events, despite diligent efforts by Plaintiff's counsel, have impeded the timely progression of this matter and necessitate the relief sought.

Counsel has been awake more nights than asleep the last (5) months just to maintain all actions until he may rely on support. The inability to timely adhere to the scheduling order were directly caused by its inability to acquire a new office, as well as hire and train employees to gain support.

At all times prior to these unanticipated events arising, Plaintiff had contacted and repeatedly followed up with Defendants' counsel, Ms. Rebecca Hunter, to: (i) discuss parameters of discovery as Defendants sought an overtly stringent protective order (**Exhibit F**); (ii) participate in multiple Mediation sessions (**Exhibit LL**); and (iii)  notify of the events that led to this delay and seek a stipulated continuance since June, which, notably, was agreed to by Ms. Hunter. (See **Exhibit F - R**). Ms. Hunter reneged on the stipulation and failed to correspond entirely for four (4) consecutive months until October 21, 2024, when filing pre-trial documents. (**Exhibit R)**

GRAND PARK LAW GROUP
A PROFESSIONAL CORPORATION
10880 WILSHIRE BLVD. STE 1510
BEVERLY HILLS, CA 90212

-4-

1  Counsel for Plaintiff made reasonable efforts to mitigate against these issues
2  by (1) seeking staff and interviewed approximately thirty-eight (38) candidates and
3  (2) notified all parties and departments maintaining pending actions of the events
4  taking place and sought brief continuances in light of the foregoing. (See **Exhibits**
5  **AA – JJ, Exhibit KK**) The hiring efforts were, however stifled by further office
6  displacement that arose in October 2024. Moreover, in the majority of instances,
7  each opposing counsel in turn rejected any request for a brief continuance and
8  sought to advance proceedings (See Request for Judicial Notice No. 1) or
9  otherwise drown counsel with superfluous sets of discovery, depositions.

10  II.   **STATEMENT OF FACTS**

11  A.   **PLAINTIFF'S COUNSEL WAS UNEXPECTEDLY FORCED**
12  **TO RELOCATE OFFICES DUE TO LANDLORD'S NOTICE OF**
13  **CONSTRUCTION.**

14  Counsel for Plaintiff previously maintained offices at 9595 Wilshire
15  Boulevard, Suite 900, in Beverly Hills, California. On May 24, 2024, Premier
16  Workspace, the premises' landlord, served notice of an impending two-year
17  renovation project, mandating all tenants vacate the building by June 23, 2024.
18  (**Exhibit A**). This displacement notice arrived at a particularly challenging time:
19  days after counsel's paralegal, Gregory Ante, commenced preparation for the
20  California Bar Examination[1]; approximately one week following counsel's
21  emergency outpatient procedure at Cedars-Sinai Medical Center; and mere
22  fortnight after concluding a series of trials June through July (*Shawn Maghbouleh*
23  *v Saeed Farkhondehpour, et al.* Case No.: 21STCV43562; *Shahrooz Taheri v*
24  *Kreation Juicery Inc.,* Case No.: 21STCV17546; *Jeo Taymany v Stephen Rodi,*
25  Case No.: 21STCV22886). (See Case List)

26
27
28

[1] Gregory Ante's name may be found on the State Bar's website amongst the passing list from the July 2024 exam

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

GRAND PARK LAW GROUP
A PROFESSIONAL CORPORATION
10880 WILSHIRE BLVD., STE 1510
BEVERLY HILLS, CA 90212

The search for new office space commenced in early June, complicated by the fact that counsel's support staff had been reduced to a single member operating from Orange County, necessitating both relocation and recruitment efforts. During this period, colleague and friend Paymon John Vafa of The Nu Law firm, who was also seeking office space, identified two available suites—1510 and 1520—at 10880 Wilshire Boulevard. Both units were under the primary tenancy of Uptiq Financial Solutions ("Uptiq"), which sought to sublease the space. These circumstances presented an opportunity to explore practice consolidation.

On June 3, letters of intent were submitted for both units, requesting possession within three weeks. While Uptiq initially indicated a July 1 move-in date was feasible, they delayed producing a sublease agreement until June 14, followed by an amended draft on June 25. (**Exhibit B**). Despite persistent efforts to expedite the process, Uptiq did not tender possession of Suite 1510 until August 5. Mr. Vafa's firm, having originated the opportunity, took primary occupancy while graciously providing counsel temporary workspace during the transition period.

Ultimately, despite best efforts to advance an earlier date, Uptiq failed to deliver possession until August 5th, and as to only Suite 1510. (**Exhibit E**) John's firm took occupancy first as he was responsible for finding the two offices, though afforded me a small space to work from in the interim.

B. **PLAINTIFF'S COUNSEL GAVE NOTICE TO DEFENDANTS' COUNSEL, WHOM AGREED TO THE CONTINUANCE, THEN UNEXPECTEDLY STOP CORRESPONDING ENTIRELY FOR FOUR (4) MONTHS.**

Notice of these developments was duly provided to all respective Courts and counsel, including Ms. Hunter, along with formal notification to the U.S. Postal Service regarding mail forwarding arrangements. (**Exhibit F** - R).

On May 30, 2024, counsel for Plaintiff renewed attempts to engage Ms.

GRAND PARK LAW GROUP
A Professional Corporation
10880 Wilshire Blvd. Ste 1510
Beverly Hills, CA 90212

-6-

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Hunter regarding both the proposed protective order and the matter of undisclosed funds confiscated from the decedent's residence by the Los Angeles Police Department. (**Exhibit F**). These overtures went unanswered.

In early June, counsel submitted notices to all Courts where trials and motions were imminent. While most Courts demonstrated understanding of counsel's circumstances, one tribunal maintained its calendar, compelling counsel to proceed with a complex tri-party litigation commencing June 7, 2024. This inflexibility, compounded by opposing counsel in various matters attempting to capitalize on these circumstances, created substantial logistical challenges. A comprehensive account of these proceedings is detailed in the accompanying Declaration of Armand Jaafari and Request for Judicial Notice. (See Case List).

A series of communications ensued with Ms. Hunter regarding scheduling accommodations:

- June 17: Counsel detailed scheduling constraints and proposed a stipulated continuance. (**Exhibit F**)
- June 18: Ms. Hunter indicated availability "in a couple days." (**Exhibit H**)
- June 20: Counsel left a voicemail and follow-up email, to which Ms. Hunter responded that the "day slipped away from [her]." (**Exhibit I-J**)
- June 21: Following counsel's afternoon availability notice, Ms. Hunter agreed to the continuance. (*Ibid.*)

Subsequently, counsel prepared and circulated a joint stipulation to continue trial and all pre-trial dates. (**Exhibit K**). On July 18, 2024, counsel emphasized the urgency of the situation, stating:

"[W]e would like to minimize any continuing delay. I understand much of the frustration has been caused as a result of our displacement from our office following the notice we received from our landlord. Though to the extent we can continue limiting any further lost time, the Court will likely be less inclined to grant any stipulation. Please let me know, thanks." (**Exhibit L**)

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

GRAND PARK LAW GROUP
A PROFESSIONAL CORPORATION
10880 WILSHIRE BLVD. STE 1510
BEVERLY HILLS, CA 90212

1    Despite numerous follow-up attempts via telephone and email throughout

2    August and September, including outreach to Arc Mediation, Ms. Hunter's first

3    substantive response was not received until October 21, 2024. (**Exhibit R and**

4    **Exhibit LL**).

5    C.    **PLAINTIFF'S COUNSEL WAS FORCED TO FILL IN FOR**

6    **HIS COLLEAGUE AFTER HE SUFFERED A SEIZURE WHILE ALSO**

7    **DISCOVERING NOTICES AND MATTERS SERVED BY MAIL WERE**

8    **WITHHELD AT THE POSTAL OFFICE.**

9    On July 31, 2024, counsel received an urgent communication from U.S.P.S.

10    Postal Officer "Denisse" regarding a substantial accumulation of counsel's mail in

11    U.S.P.S. custody, which faced imminent return to senders if not retrieved by close

12    of business. (**Exhibit T**). Upon retrieval, counsel discovered numerous court

13    notices and discovery items from opposing counsel—the timing and manner of

14    service of which suggested potential tactical exploitation of counsel's

15    circumstances, as evidenced by the categorical rejection of any requests for

16    extensions or continuances. (**Exhibit T; See also audio of transcript**)

17    These service complications, exacerbated by counsel's reduced staffing to a

18    single remote employee, significantly impaired counsel's ability to maintain

19    customary standards of practice, meet deadlines, and process critical

20    documentation.

21    The situation deteriorated further on August 7, 2024, when, during counsel's

22    simultaneous management of both a mediation and deposition, colleague Paymon

23    Vafa suffered a severe seizure in his office, resulting in head trauma from impact

24    with a window sill. (**Exhibits U – V; See also Declaration of John Vafa**).

25    Counsel immediately summoned emergency medical services while maintaining

26    professional obligations, including making a special appearance for Mr. Vafa's

27    1:30 PM hearing. *(***Exhibit V***])*. During Mr. Vafa's subsequent medical leave for

28    neurological evaluation and treatment, counsel continued to appear specially on

-8-

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

his behalf, managing communications with relevant courts and parties. **(See Declaration of John Vafa**).

An expedited recruitment initiative commenced on August 26, 2024, anticipating the October 1, 2024 possession of Suite 1520. (Exhibit [*]). Recognizing the practice's stretched capacity, counsel proactively sought collaboration with various firms, including Harris Sliwoski, Campbell Farhanni, and Amundsen Davis, among others. (**Exhibit CC - FF**). These efforts yielded a single viable arrangement with Quinton Sales (SBN 344308), who agreed to serve as trial counsel for the September 23, 2024 proceeding. (**Exhibit GG – JJ)** Counsel invested substantial resources preparing Mr. Sales while maintaining focus on imminent trial preparation items, including this action, as well as:

- *Prime/Park La Brea v Hao Yang*.; (Case No.: 23STUD15720) - October 3, 2024;
- *Castro v White Cloud, et al.* (Case No.: 22STCV28384) - October 2, 2024;
- *Brianna Drew v Walgreens, Inc*., et al. (Case No.: 21STCV23515) - October 14, 2024;

On September 20, concerning developments emerged when Mr. Sales, contrary to prior assurances to both counsel and clients, belatedly requested motion copies at 10:00 AM, having served but failed to file two critical motions. (**Exhibit II**). The situation culminated in Mr. Sales's abrupt withdrawal notice on September 21, 2024, mere hours before trial resumption. (Exhibit JJ). Counsel appeared on September 23, 2024, in Mr. Sales's absence, but the Court declined to consider the circumstances and threatened dismissal, compelling counsel to proceed with trial to protect client interests. After two days of proceedings, the Court announced a pre-scheduled vacation beginning September 26, 2024, necessitating another trial suspension. Subsequently, without consulting either party's availability, the Court unilaterally scheduled trial resumption for October 28, 2024. (*Ibid.*)

GRAND PARK LAW GROUP
A PROFESSIONAL CORPORATION
10880 WILSHIRE BLVD. STE 1510
BEVERLY HILLS, CA 90212

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

### D.   **SUITE 1520 WAS USURPED BY A COMPETING LAW FIRM WHILE COUNSEL WAS AWAY IN CONSECUTIVE DAYS IN COURT.**

Concurrent with managing this extensive caseload, counsel maintained negotiations with Uptiq's broker, Gerry Ruiz, regarding the Suite 1520 sublease agreement. The strategic vision shared by counsel and Mr. Vafa encompassed the eventual removal of the partition between the suites, facilitating a unified operation of personnel and resources upon Mr. Vafa's full return to practice.

On September 12, Mr. Ruiz indicated Suite 1520's imminent availability and, proposing his broker services, suggested more favorable terms might be secured through joint representation. (**Exhibits W – X**)). The negotiation progressed systematically:

- September 18: Mr. Ruiz prepared a comprehensive letter of intent delineating material terms; (**Exhibit W**)
- September 30: Initial lease draft received and approved; (**Exhibit V**)
- October 8: Final execution copy delivered; (**Exhibit X**)

However, without prior notice or communication, Mr. Ruiz had simultaneously entertained and ultimately accepted a superior offer from Quill & Arrow LLP, a competing firm located across the hall, effectively nullifying counsel's anticipated occupancy. (**Exhibit Z**).

This unexpected development necessitated multiple postponements of employment start dates for newly recruited personnel, originally scheduled for October 14, subsequently deferred to November, and ultimately to December, pending procurement of suitable office space.

As of this filing, while new office space has been secured and documentation approaches finalization, physical possession remains pending until December 2, 2024.

//

//

GRAND PARK LAW GROUP
A PROFESSIONAL CORPORATION
10880 WILSHIRE BLVD. STE 1510
BEVERLY HILLS, CA 90212

### III.    <u>**LEGAL STANDARD**</u>

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent" (Fed. R. Civ. P. 16(b)(4)).) District courts have broad discretion to manage their calendars and continue trial dates upon a showing of good cause. (Fed. R. Civ. P. 16(b)(4); See *In re Apple Valley Communications Inc*., No. 5:18-cv-01643 (C.D. Cal. 2021) (granting trial continuance where party demonstrated prejudice would result without additional time to complete discovery on new evidence). Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The Ninth Circuit has established that "Rule 16(b)'s 'good cause' standard primarily focuses on the diligence of the party seeking the amendment." (*Arteaga v. United Parcel Service, Inc.,* 2023 WL 2628688, at *2 (C.D. Cal. Jan. 3, 2023*).)

To establish good cause, the moving party must demonstrate:

1.    **Diligence in Attempting to Meet the Deadlines**: The inquiry centers on the extent to which the moving party made efforts to comply with the original scheduling order. The court considers whether the party was unable to meet the deadline due to circumstances beyond their control, such as delayed discovery or newly discovered evidence (*Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002*)). The **good cause** standard primarily focuses on diligence of the party seeking the amendment and whether the scheduling deadlines could reasonably have been met despite that party's efforts (*Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992*)).

2.    **Prejudice to the Opposing Party**: Although not required, courts may consider whether failure to grant the modification would unfairly prejudice the moving party or whether granting the motion would unfairly prejudice the opposing party (*Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000*)).

GRAND PARK LAW GROUP
A PROFESSIONAL CORPORATION
10880 WILSHIRE BLVD. STE 1510
BEVERLY HILLS, CA 90212

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

3.     **Impact on Court and Trial Schedule**: Courts also assess whether modifying the schedule would disrupt the trial date or significantly burden the court's docket (*Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012)*).

In the Central District, compliance with **Local Rule 7-3** is required before filing any motion to ensure the parties have engaged in a meet-and-confer process (*C.D. Cal. L.R. 7-3*). Additionally, adherence to the timelines set forth in **Local Rule 6-1** for noticing and briefing motions must also be satisfied (*C.D. Cal. L.R. 6-1*).

## IV. ARGUMENT

Plaintiff was diligent in seeking both Defendant's participation in discovery and simply to communicate, as well as seeking further dialogue by reinforcement from Arc Mediation.

### A.     GOOD CAUSE EXISTS TO GRANT THE CONTINUANCE

### (1).   Plaintiff's Counsel Was Unexpectedly Forced to Relocate Offices

On May 24, 2024, Plaintiff's counsel was notified by their landlord of a two-year renovation project requiring all tenants to vacate the premises by June 23, 2024. (Exhibit C). This notice arrived amidst substantial challenges, including counsel's recovery from an emergency outpatient procedure and the commencement of critical preparations for trial. Despite prompt efforts to secure new office space, unforeseen delays by the sublessor, Uptiq Financial Solutions, resulted in possession of the new office space not being tendered until August 5, 2024.

Counsel's limited office resources during this transitional period significantly impaired the ability to manage pending matters, including this case, and necessitate the requested continuance to address the backlog caused by these disruptions.

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

(2)    <u>**Opposing Counsel's Prolonged Lack of Communication Precluded Progress**</u>

Despite Plaintiff's counsel's repeated efforts to communicate with opposing counsel, Ms. Hunter, regarding scheduling accommodations and case management, counsel received no substantive responses for four months. (**Exhibit R**). This unexplained lack of communication obstructed efforts to stipulate to a continuance earlier, thereby exacerbating delays caused by counsel's office displacement.

(3)    <u>**Service Complications Further Impeded Case Management**</u>

Service of critical notices and discovery materials was materially delayed due to the unexpected retention of Plaintiff's counsel's mail by the U.S. Postal Service. (**Exhibit T**). These issues, compounded by the diminished staff capacity and unforeseen complications during the relocation process, prevented timely compliance with certain deadlines.

(4)    <u>**Disruption in Staffing and Office Availability Compounded Delays**</u>

Plaintiff's counsel was further hindered by the abrupt unavailability of Suite 1520, intended for permanent office use. After months of negotiation and assurances, Uptiq unexpectedly leased the space to a competing firm, forcing counsel to defer hiring additional staff and continue working in a temporary, inadequate workspace. (**Exhibit Z**).

5.    <u>**Plaintiff's Counsel Acted Diligently Despite Unforeseen Circumstances**</u>

Despite these extraordinary challenges, Plaintiff's counsel maintained diligent efforts to proceed with the case by notifying the Court and opposing counsel of the delays, pursuing alternative staffing solutions, and continuing to appear for other scheduled matters under demanding circumstances. These efforts satisfy the diligence requirement under Rule 16(b)(4). (*Johnson, 975 F.2d at 609*).

//

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

**B.    NO PREJUDICE TO DEFENDANTS EXISTS**

Defendants will not suffer undue prejudice if the continuance is granted, as they have already been apprised of counsel's circumstances and agreed to prior scheduling adjustments. In contrast, denying the motion would severely prejudice Plaintiff by compromising the ability to adequately prepare for trial, potentially jeopardizing the merits of the case.

**C.    THE REQUESTED CONTINUANCE IS REASONABLE AND NECESSARY**

The requested continuance is narrowly tailored to accommodate the completion of discovery and preparation for trial. It is not intended to delay proceedings unnecessarily but to ensure a fair and equitable resolution of this matter in light of unavoidable disruptions.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant all a continuance of trial date and all pre-trial deadlines and to not prejudice Plaintiff for her counsel's inability and failures.

DATED:  November 21, 2024

Respectfully submitted,

GRAND PAR K LAW GROUP A.P.C.

/s/ Armand J. Jaafari

Armand J. Jaafari, Esq.
Attorney for Plaintiff,
ALEXANDRIA LAUREN
D'ANGELO, individually, and as
Administrator of the ESTATE OF
RICHARD SOLITRO, J.R.,

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

GRAND PARK LAW GROUP
A PROFESSIONAL CORPORATION
10880 WILSHIRE BLVD. STE 1510
BEVERLY HILLS, CA 90212

## PROOF OF SERVICE (2015.5 C.C.P.)

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 10880 Wilshire Blvd., Ste 1510, Los Angeles, CA 90024. On November 21, 2024, I served on the parties of record in this action the foregoing document described as **PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE** addressed as follows:

## SEE ATTACHED SERVICE LIST.

**[  ]    BY MAIL (Rule 5(b)(2)(C), Federal Rules of Civil Procedure)**: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address(es) listed above. I deposited the envelope or package with the U.S. Postal Service, with postage fully prepaid. Service is complete upon mailing.

**[ X ]    ELECTRONIC SERVICE  (Rule 5(b)(2)(E), Federal Rules of Civil Procedure)**: The recipient agreed to accept service by electronic means in writing, or it is otherwise permitted by court order. I transmitted the document(s) to the email address(es) listed above. No electronic message or other indication of unsuccessful transmission was received within a reasonable time.

**[  ]    BY PERSONAL SERVICE Rule 5(b)(2)(A), Federal Rules of Civil Procedure)**: I personally delivered the document(s) to the person(s) at the address(es) listed above. Service is complete when the documents are handed to the recipient or left at the recipient's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

Executed on **November 21, 2024**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
**Armand J. Jaafari**

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

GRAND PARK LAW GROUP
A PROFESSIONAL CORPORATION
10880 WILSHIRE BLVD, STE 1510
BEVERLY HILLS, CA 90212

# GRANDP PARK LAW GROUP, A.P.C.

10880 Wilshire Blvd., Ste 1510
Los Angeles, CA 90024
Phone: (888) 629-4754
Facsimile: (310) 900-0805

_Alexandria Lauren D'Angelo v. Los Angeles Police Department, et al._

Case No.: 2:23-cv-02969-DSF-SK

## **SERVICE LIST**

| | |
|---|---|
| Rebecca E. Hunter, Deputy City Attorney<br>Los Angeles City Attorney's Office<br>200 North Main Street, 6th Floor<br>Los Angeles, CA 90012<br>(213) 978-6900 (main line)<br>(213) 978-7041 (direct)<br>(213) 978-8785 (facsimile)<br>rebecca.hunter@lacity.org | _Defendants_,<br>City of Los Angeles Police Department |

PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE