| | |
|---|---|
| 1 | **HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866) |
| 2 | **DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992) |
|   | **SCOTT MARCUS**, Chief Asst. City Attorney (SBN 184980) |
| 3 | **CORY M. BRENTE**, Senior Assistant City Attorney (SBN 115453) |
|   | **REBECCA E. HUNTER**, Deputy City Attorney (SBN 271420) |
| 4 | 200 North Main Street, 6th Floor, City Hall East |
|   | Los Angeles, CA 90012 |
| 5 | Phone No.: (213) 978-6900; Fax No.: (213) 978-8785 |
|   | Email: rebecca.hunter@lacity.org |

*Attorneys for Defendants,* **CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, and AMAR PAL**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRIA LAUREN D'ANGELO, individually, and as Administrator of the ESTATE OF RICHARD SOLITRO, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES POLICE DEPARTMENT, a governmental entity, CITY OF LOS ANGELES, a governmental entity, OFFICER AMAR PAL, individually, and in his oficial capacity, and DOES 1-10,<br><br>Defendants. | **CASE NO. 2:23-cv-02969-DSF-SK**<br>Assigned to Judge Dale S. Fischer,<br>Courtroom 7D, 7th Floor, First Street Courthouse<br>Mag. Karen L. Stevenson<br><br>**DECLARATION OF REBECCA E. HUNTER IN RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS PURSUANT TO ECF DKT. NO. 38**<br><br>Hearing Date:  December 9, 2024<br>TIME:          1:30 p.m.<br>DEPT.:         7D<br><br>Complaint Filed:  April 19, 2023<br>City's Answer Filed: August 28, 2023 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT and AMAR PAL (collectively, "Defendants" or "City Defendants") hereby submit this Declaration in advance of the hearing set for December 9, 2024 at 1:30 p.m. regarding Plaintiff's failure to prosecute this case.

1

# DECLARATION OF REBECCA E. HUNTER

I, Rebecca E. Hunter, declare as follows:

1. I am an attorney at law, duly licensed to practice law in this Court in the Central District of California. I am employed as a Deputy City Attorney for the City of Los Angeles in the Police Litigation Unit, and I am the attorney of record for the Defendants, City of Los Angeles, Los Angeles Police Department, and Officer Amar Pal (collectively, "Defendants" or "City Defendants") in this matter. I have personal knowledge of the information set forth below, except for those things set forth on information and belief, and as to those things, I believe them to be true.

2. This declaration is submitted pursuant to the Order to Show Cause re: Sanctions per the Court's Order found at ECF Dkt. No. 38.

3. On May 10, 2024, Defendants served discovery requests on Plaintiff. This included Special Interrogatories, Set One; Request for Production, Set One; and Request for Admissions, Set One. Attached hereto as **Exhibit A** are true and correct copies of the Requests for Admissions, Set One that were propounded and never responded to.

4. On May 29, 2024, Plaintiff's counsel requested a thirty (30) day extension to respond to discovery. However, due to the discovery cut-off date, the requested amount of extension was not feasible. As a result, on May 30, 2024, Plaintiff's counsel was given to June 19, 2024, to respond to discovery. Counsel further conferred on June 21, 2024, wherein it was discussed that Defendants would consider a stipulation to continue deadlines but needed certain information from Plaintiff's counsel to consider such a request. Attached hereto as **Exhibit B** is a true and correct copy of the e-mail correspondence regarding this exchange.

5. To date, Plaintiff has failed to respond to discovery and therefore, the Request for Admissions, Set One, are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3).

6. Although Plaintiff's counsel has made numerous representations of moving addresses and being engaged in other matters – no change of address has been filed on the docket.

7. To date Plaintiff has never provided the requested information for Defendants to consider a stipulation or taken any motion practice action to augment the scheduling order.

8. Defendants served initial disclosures and expert disclosures in this case on August 1, 2024. To date, Plaintiff has failed to serve any initial or expert disclosures at all.

9. Although Plaintiff's counsel attempted to reach out in September 2024, this was well after the discovery cut-off and again – without providing any of the requested information needed for Defendants.

10. This was also after months of the mediator's office trying to reach out and coordinate so the parties could engage in mediation. Attached hereto as **Exhibit C** is a true and correct copy of the e-mail correspondence between counsel and the mediator's office.

11. On October 11, 2024, I sent a meet and confer letter regarding proposed motions in limine and requesting to confer in preparation of trial documents. No response from Plaintiff was provided. Attached hereto as **Exhibit D** is a true and correct copy of that correspondence.

12. Defendants filed pre-trial documents in accordance with the Court's rules on October 15, 2024. (See ECF Dkt. Nos. 31-37). Plaintiff never filed any responsive pre-trial documents or oppositions to the motions in limine.

13. The only effort Plaintiff's counsel has taken to litigate this case is to try and explain on November 4, 2024, and through his pleading in preparation of this continued OSC hearing a litany of excuses and displaced blame. This is after prior OSC's for Plaintiff's failure to properly comport with the Court's rules as part of the initial joint report. (See ECF Dkt. Nos. 18, 24 and 25). If Plaintiff counsel wanted a

3

reprieve due to circumstances beyond his or his client's control, he could have filed an *ex parte* application or a noticed motion. Plaintiff has had six (6) months or more to take any action and has failed to do so. Defendants have relied upon the Request for Admissions, Set One that are deemed admitted. Moreover, Defendants have filed motions in limine that Plaintiff would have more than ample time to oppose if this court were not to dismiss this action. To permit Plaintiff the opportunity to continue litigating this case would be a significant prejudice to Defendants. Plaintiff's counsel has had multiple opportunities to properly litigate this case and has failed to do so. As a result, Defendants would request that this case be dismissed with prejudice for failure to litigate.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 2nd day of December, 2024 at Los Angeles, California.

/s/ *Rebecca E. Hunter*
**REBECCA E. HUNTER**, Declarant