# EXHIBIT D

Case 2:23-cv-02969-DSF-SK Document 40-4 Filed 12/02/24 Page 1 of 4 Page ID #:568

Rebecca Hunter <rebecca.hunter@lacity.org>

## D'Angelo v. City of LA, et al. - Correspondence
1 message

**Rebecca Hunter** <rebecca.hunter@lacity.org>            Fri, Oct 11, 2024 at 2:14 PM
To: "Armand J. Jaafari" <ajaafari@grandparklaw.com>
Cc: Learsey Mendez <learsey.mendez@lacity.org>

Counsel -

Please see attached.

--
Rebecca E. Hunter, Deputy City Attorney
Los Angeles City Attorney's Office
200 North Main Street, 6th Floor
Los Angeles, CA 90012
(213) 978-6900 (main line)
(213) 978-7041 (direct)
(213) 978-8785 (facsimile)
rebecca.hunter@lacity.org

*****************Confidentiality Notice **************************
This electronic message transmission contains information from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
******************************************************************

📎 **10.11.24 Meet and Confer Letter re MILs.pdf**
428K



Office of the Los Angeles City Attorney
Hydee Feldstein Soto

October 11, 2024

**VIA E-MAIL ONLY**

Armand J Jaafari
Grand Park Law Group
9595 Wilshire Boulevard 9th Floor
Beverly Hills, CA 90212
ajaafari@grandparklaw.com

        **Re:**    *Alexandria Lauren D'Angelo v. Los Angeles Police Department, et al.*
              **USDC Case No. 2:23-cv-02969-DSF-SK**

Dear Counsel:

    Pursuant to U.S. District Court Local Rules and the Court's Order Re: Jury Trial (ECF No. 27), we need to confer in preparation of trial. Part of that preparation is seeing if we can come to an agreement regarding a few issues for stipulation or if there is a need to proceed with motions in limine. Specifically, some of the issues to address are potential motions in limine or stipulations regarding the following:

1. Exclude all references to other incidents involving police not relating to this incident, for example, George Floyd, Breonna Taylor, the Rampart Scandal, the Christopher commission and any other high profile media case that does not involve Plaintiff and this particular incident. (FRE 401, 402, 403, 801 and 802); *Maddox v. City of Los Angeles*, 792 F.2d 1408 (9th Cir. 1986); *Case v. Kitsap County Sheriff's Dep't.*, 249 F.3d 921, 929, 30 (9th Cir. 2001));

2. Bifurcate the trial such the issue of whether a constitutional violation occurred happens in the first phase. In the second phase compensatory damages, and the amount of punitive damages of the trial will include the determination of punitive

Armand J Jaafari, Esq.
Grand Park Law Group
October 11, 2024
2 | P a g e

    damages, if applicable. Also, bifurcating the issue of *Monell* liability. (FRE 401, 402, 403 and FRCP 42);

3. Exclude all references to, evidence of and mention of the fact regarding personnel complaints and/or Internal Affairs investigation(s). (FRE 401, 402, 403, 801 and 802); *Maddox v. City of Los Angeles*, 792 F.2d 1408 (9th Cir. 1986); *Case v. Kitsap County Sheriff's Dep't.*, 249 F.3d 921, 929, 30 (9th Cir. 2001)); and

4. Exclude any and all documents, testimony and argument relating to witnesses and documents not produced during discovery. (FRCP 26 and 37(c)).

    I look forward to discussing these matters with you and potentially resolving them informally. We should discuss these along with the other pre-trial matters we are obligated to confer about as soon as possible. Please advise when you are available to discuss these pre-trial matters.

    Additionally, I am aware that you reached out regarding this matter and the impending trial date. However, you did not provide me with a complete or accurate draft stipulation to properly consider. Moreover, you did not provide me with the requested availability I wanted to confer upon to consider your request to continue pertinent pre-trial and trial dates. Moreover, you have completely failed to respond to any of the discovery that was propounded months ago. Lastly, you made representations that you moved offices but have not filed a notice of change of address or notified my office of any new contact information. As a result, we will proceed forward with pre-trial documents as required by the court.

    Very truly yours,

*Rebecca E. Hunter*

Rebecca E. Hunter
Deputy City Attorney

REH: lm
(213) 978-6900