# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRIA LAUREN D'ANGELO, etc., <br>     Plaintiff, <br> <br> v. <br> <br> LOS ANGELES POLICE DEPARTMENT, etc., et al., <br>     Defendants. | 2:23-cv-2969-DSF-SK <br> <br> ORDER TO SHOW CAUSE RE DISMISSAL |

    This case was filed on April 19, 2023. Dkt. 1. On May 25 the Court granted the request of present counsel, Armand J. Jaafari, to represent Plaintiff instead of previous counsel. Dkt. 11. On July 27 the Court issued an Order to Show Cause re Dismissal for Lack of Prosecution because more than 90 days had passed and Plaintiff had not yet served Defendants. Dkt. 12. By August 30 Defendants had been served and an answer had been filed. Dkts. 15-19.

    On October 23 the Court issued its Order Setting Scheduling Conference, setting the conference on October 30 at 11:00 a.m. Pursuant to the Order, the parties were to meet and confer on a discovery plan no later than 21 days before the scheduling conference and to file a Joint Rule 26(f) Report no later than 7 days before the scheduling conference. Dkt. 21. The parties filed a report on October

23, but it did not comply with the Court's Order.  Dkts. 22, 23.  The Court required a revised report and declarations from counsel explaining the failure to comply.  Dkt. 23.  A revised report was submitted along with a declaration from defense counsel.  Dkts. 24, 25.  Jaafari did not file the required declaration.  On November 27 the Court ordered Jaafari to appear in person on December 9 to show cause why he should not be sanctioned in the amount of $500 for his failure to submit the required declaration.  Dkt. 26.  The Court also ordered that submission of a compliant declaration no later than December 4 would be a sufficient response to the Order.  Id.  On that date Jaafari responded with a list of difficulties that had prevented him from complying with the Court's Order.  Dkt. 29.  The Court did not impose sanctions.

Pursuant to the Court's Order re Jury Trial, the parties were required to participate in mediation and file certain pretrial documents before the November 4, 2024 pretrial conference.  Dkt. 27.  Jaafari did not file any of the required documents, nor did he oppose any of Defendants' motions in limine.  At the pretrial conference, the Court asked why it should not dismiss the case for lack of prosecution.  Dkt. 38.  Jaafari again recited a series of difficulties as well as purported efforts to engage in the mandated mediation.  The Court set a November 18 deadline for Jaafari to provide a written explanation of his continued failure to prosecute, a December 2 deadline for a defense response, and a hearing date on December 9.

Jaafari's response – consisting of more than 150 pages describing both personal and professional impediments to complying with the Court's orders – was filed on November 21.  Dkt. 39.  In this filing Jaafari also requested a continuance of the trial date and extension of the discovery cutoff.  Id.  Defendants filed a timely response describing, among other concerns, Plaintiff's failure to comply with her discovery obligations and additional failures to prosecute this case.  Dkt. 40.  The defense requested dismissal with prejudice.  Id.

At the December 9 conference, Jaafari gain described a litany of excuses for his failure to prosecute this case. The Court granted 3 of

2

Defendants' motions in limine for lack of opposition and denied a third, which requested trifurcation of the trial.  Dkt. 41.  The Court acknowledged that Jaafari appeared to have had a series of incredible, unfortunate events, but noted that those events did not excuse many of Jaafari's failures, such as the failure to provided initial disclosures, failure to respond to discovery, and failure to provide any of the required pretrial documents.  Other issues were discussed, including whether responses to requests for admission had been provided.  The Court agreed to give Plaintiff the opportunity to engage in mediation and establish that responses to the requests for admissions had been served.  Both were to be accomplished within 30 days, and the Court set a status conference on the order to show cause for January 13, 2025.  A series of unsuccessful mediations occurred over a brief period of time.  Dkts. 42-55.

At the January 13 conference, the Court continued the matter to February 24.  Dkt 56.  At that conference, the Court continued the matter to March 24.  Dkt. 57.  Jaafari failed to appear and the matter was continued to April 21 with a status report to be filed by April 14.  Dkt. 58.  Defendants' status report, filed April 14, stated that defense counsel had not heard from Jaafari since the March 24 hearing date, and that after the hearing she had received an email from Jaafari stating he had been stuck in traffic on March 24.  Dkt. 59.  The status report also indicated that the defense had provided information apparently required by Plaintiff in order to reach a pretrial resolution, but neither she nor the mediator had heard from Jaafari.  Id.  At the April 21 conference, the Court continued the matter to June 23, with a status report due June 18.  Dkt 61.  The report indicated that although Jaafari had been provided with information in order to move the case further, he had not updated defense counsel and had not provided defense counsel with any revisions or authority to file the draft status report she had submitted to him.  Dkt. 62.  The report was filed unilaterally.  Id.  On June 23, Jaafari filed his unilateral report, asserting that defense counsel refused to speak with him directly except in conjunction with the mediations and describing efforts to provide documents required by the defense to facilitate settlement.

3

Dkt. 63.  At the June 23 status conference, the Court ordered the parties to propose dates for a pretrial conference and trial in accordance with the Court's Scheduling Order.  Dkt. 64.  On August 7, by a TEXT ONLY ENTRY, the Court ordered the parties to provide a joint report describing the status of settlement discussions no later than August 19. It further ordered that if settlement was not imminent, the parties were to comply with the Court's June 23 Order.  Dkt. 65.

On August 22 Defendants filed their Report re: Trial Schedule, taking responsibility for the late filing and providing Jaafari's dates of unavailability.  Dkt. 66.  Defendants proposed a pretrial conference date of September 22 and a trial date of October 7.  Id.  The Court was not available on those days – and Plaintiff still has not submitted the required pretrial documents.  On September 15 by a TEXT ONLY ENTRY, the Court ordered the parties to meet and confer and provide new dates for a pretrial conference (a Monday that is not a holiday and trial (a Tuesday that is not a holiday) that is at least three weeks after the proposed pretrial conference date.  Dkt. 67.  Neither party has complied with that order.

Plaintiff is ordered to show cause in writing no later than December 10, 2025 why this matter should not be dismissed for Plaintiff's repeated failures to prosecute this case.  A hearing on this order to show cause is set for December 15, 2025 at 11:00 a.m.  Failure to file a timely response or to attend the hearing will result in dismissal.

If the Court finds Plaintiff's showing is sufficient, Plaintiff will be required to submit all pretrial documents no later than two weeks before the proposed pretrial conference date.  Neither party has submitted proposed jury instructions, a proposed verdict form, or a proposed pretrial conference order.  These documents must also be submitted no later than two weeks before the proposed pretrial conference date.  In the absence of proposed jury instructions, this matter will be tried by the Court.

IT IS SO ORDERED.

Date: November 17, 2025

_____
Dale S. Fischer
United States District Judge

5